BEATTY, Retired Justice.
In August 1996, Greg Cleveland and Kerri Cleveland sued Higginbotham Oil Company, Inc., and Higginbotham Oil Company, Inc., d/b/a Sunny Food Stores (hereinafter referred to as “Higginbotham”). The Cleve-lands alleged that Higginbotham was guilty of fraud and breach of contract.
Higginbotham’s answer denied the allegations. Thereafter, Higginbotham filed a summary judgment motion supported by a brief and documentation in support. The Clevelands filed a brief and documentation in opposition to the summary judgment motion.
After a hearing, the trial court issued an order, stating:
“[T]he court FINDS that there is no genuine issue as to any material fact and that *35 [Higginbotham is] entitled to summary judgment as a matter of law as to the [Clevelands’] claims (1) for alleged fraudulent suppression by [Higginbotham] of knowledge that Highway 119 would be rerouted, and (2) for alleged fraudulent suppression by [Higginbotham] of knowledge that Texaco intended to turn off its credit card machine, and it is therefore CONSIDERED, ORDERED, ADJUDGED, and DECREED by the court that summary judgment is GRANTED in favor of [Higginbotham] as to [the Clevelands’] said claims against [Higginbotham]....
“Summary judgment is denied as to the [Clevelands’] remaining claims against [Higginbotham] for alleged breach of contract and for alleged fraudulent misrepresentations to the [Clevelands] relative to past profit and losses of the business which was sold and conveyed by [Higginbotham] to the [Clevelands].”
The trial court certified this partial summary judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P.
The Clevelands filed a motion to alter, amend, or vacate the judgment, which was denied. The Clevelands appealed to our supreme court. The case was transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The only issue raised on appeal is whether the trial court committed reversible error when it entered the summary judgment for Higginbotham on the Clevelands’ claim that Higginbotham was guilty of fraudulent suppression when it failed to timely notify the Clevelands that Texaco allegedly intended to turn off its credit card machine.
Higginbotham operated a convenience store located at the intersection of Highway 119 and Highway 31 in Alabaster; that store sold Texaco products. In September 1992, the Clevelands purchased from Higginbotham the convenience store’s equipment and inventory, and they subleased from Higginbotham the building that housed the convenience store. Higginbotham continued to supply Texaco products to the Clevelands’ convenience store.
On February 7, 1994, Texaco sent a letter to Higginbotham, stating that the convenience store did not meet the minimum standards of Star Enterprises and would be “debranded” as of December 31, 1995. When a store is debranded, the store’s right to accept Texaco credit cards is terminated.
According to Burnie Higginbotham, Jr., when Higginbotham received a letter like the February 1994 letter, it would be photocopied and given to the dispatcher for distribution to the drivers, and the drivers would tender them when they made fuel deliveries.
The Clevelands testified that they did not learn of the February 1994 letter until December 11, 1995, twenty days before the letter indicated that Texaco planned to deb-, rand their convenience store. Higginbotham testified that he assumed that the Clevelands got a copy of the February 1994 letter when it was received and that he knows of no reason why they did not receive a copy of the letter until December 1995.
The Clevelands also testified that 60% to 70% of their sales were credit card sales and that 70% of the credit card sales were Texaco credit card sales. The Clevelands conceded that they never had an agreement -with either Higginbotham or Texaco regarding the branding of the convenience store, and that Texaco never pulled its credit card, machine while they were in business. The Clevelands ceased doing business and vacated the premises on December 31,1995.
On December 22, 1995, Texaco sent another letter to Higginbotham, which stated:
“[Y]our location at Hwy. 119 and 31 in Alabaster, AL [the convenience store involved in this case], does not meet standards. However, I understand that your lease expires on March 31, 1996, at which time this location will be debranded anyway. You may continue to accept Texaco credit cards until that time.”
In Wilson v. Brown, 496 So.2d 756, 758-59 (Ala.1986), our supreme court stated:
“The standard of review which this Court must follow when summary judgment has been granted to a defendant on a plaintiffs claims against a defendant is well established. Summary judgment for *36 a defendant is proper when there is no genuine issue of a material fact as to any element of a cause of action and the defendant is entitled to a judgment as a matter of law. If there is any evidence of every element of a cause of action, summary judgment is inappropriate. In determining whether there is any evidence to support every element of a cause .of action in this case, this Court must review the record in a light most favorable to the plaintiffs and resolve all reasonable doubts against the defendant.
[[Image here]]
“The following are the elements of a cause of action for suppression of the truth: (1) a duty to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act, and (4) action by the plaintiff to his injury.”
(Citations omitted; emphasis added.)
The Clevelands argue that they suffered significant harm as a result- of Higginbotham’s suppression of the February 1994 letter. The Clevelands also argue that they were driven out of business and were caused to lose their investment therein because Higginbotham suppressed the information in the February 1994 letter until a point at which, they did not have time to rectify the situation. The Clevelands maintain that without the Texaco branding, their business was essentially destroyed and could not continue as a viable concern.
However, as previously noted, the Cleve-lands themselves established that Texaco never pulled its credit card machine while they were in business. Thus, their convenience store was never without the Texaco brand while they operated the store, and, in fact, they ceased doing business three months before the date on which Texaco planned to debrand their store.
Under the facts, therefore, we do not find any breach of a duty to disclose, any concealment on the part of Higginbotham, or any inducement upon the Clevelands to act.
Let the judgment be affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.